STATE OF NORTH CAROLINA
v.
MED TOM SAYAVONG.
No. COA08-64
North Carolina Court of Appeals
Filed July 1, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General June S. Ferrell, for the State.
Jarvis John Edgerton, IV, for defendant-appellant.
MARTIN, Chief Judge.
Defendant Med Tom Sayavong appeals from judgments entered upon jury verdicts finding him guilty of trafficking in MDMA by possession, trafficking in MDMA by delivery, trafficking in MDMA by transportation, conspiracy to traffic in MDMA, and carrying a concealed weapon. For the following reasons, we find no error.
The State's evidence tended to show that on 29 August 2005, Detective Toby Syzkula of the Lincoln County Sheriff's Department was working undercover with Officer Reid of the Maiden Police Department to assist in purchasing MDMA, commonly referred to as ecstasy, from Chad Moretz. Around 3:00 p.m., Detective Syzkula telephoned Moretz and informed Moretz that he wanted to purchase approximately 125 ecstasy pills. Moretz indicated that he would need to work on the drug order and estimated that the price per pill would be $13.00 to $14.00. Thereafter, Moretz contacted defendant, who had previously supplied Moretz with ecstasy, and informed defendant that he needed 125 ecstasy pills. Defendant told Moretz that he could supply the order, but to complete the order, defendant needed the twenty pills he had given Moretz earlier. Moretz called Detective Syzkula and told him he had secured the ecstacy. The two arranged to meet at the Fairview Basket Store in Maiden between 5:00 p.m. and 6:00 p.m.
Moretz met defendant at a McDonald's on Highway 321. Moretz entered defendant's vehicle and the two proceeded to the Fairview Basket Store. During the drive, defendant handed the bag of ecstasy pills to Moretz and told him to add his supply of ecstasy pills to the pills in the bag. Defendant also told Moretz to collect $12.00 for each of the pills. When they arrived at Fairview Basket, defendant pulled up beside Detective Syzkula's van. Moretz got out of the car and proceeded with the ecstasy pills to Syzkula's van.
Once Moretz was seated in Syzkula's van, Syzkula asked to see the ecstasy pills. Moretz handed the bag of ecstasy pills to Syzkula. Moretz then handed another bag of pills to Syzkula which Moretz described as "my twenty." Syzkula pulled out a paper towel and counted the ecstasy pills. When he finished, Syzkula said, "It looks good," the prearranged signal for the remaining police officers to approach the van and defendant's car. As Officer Rick Younger of the Catawba County Sheriff's Office removed defendant from his vehicle, he observed a semi-automatic pistol in the seat directly behind defendant's back. Officer Reid and Officer Rick Lynn, a narcotics officer with the City of Lincolnton Police Department, arrested Moretz. After Moretz was removed from the van, Reid seized control of three plastic bags which were lying on the floor board of the van on the driver's side. Inside the plastic bags were approximately 106 different colored pills, later identified as MDMA. Defendant moved to dismiss all the charges except for the charge of carrying a concealed weapon. The trial court denied the motion.
Defendant testified that Moretz informed him that he wanted 125 pills of MDA/MDMA; that defendant had twenty to thirty pills; that Moretz arranged for defendant to pick up another thirty pills from a mutual acquaintance; and that defendant obtained twenty pills from another man. He further testified that Moretz offered to pay him fifty dollars to "order stuff" and give him a ride. Defendant renewed his motion to dismiss and the trial court denied the motion.
Defendant brings forward only one of his two assignments of error. Defendant specifically assigns error to the "jury instructions and entry of Judgment and Commitment in the conspiracy case; on the grounds that the jury instruction authorized jurors to convict for a crime, or theory of guilty, not alleged in the indictment." Defendant was indicted for conspiring with Moretz to commit the felony of trafficking to possess, transport, sell, and deliver MDMA to Detective Syzkula. The trial court provided the following instructions on the charge of conspiracy to traffic in MDMA by possession, transportation, sale, and delivery:
The next verdict sheet you will consider is whether the defendant, Med Tom Sayavong, is guilty of conspiracy to traffic in MDA [sic] by possession, transportation, sale and delivery of MDA  of MDMA or whether he's guilty of conspiracy to possess, transport, sell and deliver MDMA. The defendant has been charged with feloniously conspiring to traffic in MDMA by possession, transportation, sale and delivery of the same. For you to find the defendant guilty of this offense, the State must prove three things beyond a reasonable doubt:
First, that the defendant and Chad Moretz entered into an agreement.
Second, that the agreement was to commit a crime, namely possessing, transporting, selling, and delivering cocaine [sic]. Now, I have explained possession, transportation, and delivery, what those terms mean, but I have not explained the sale. And the offense of selling cocaine  MDMA, strike that  selling MDMA. For you to find the defendant guilty of the offense of selling MDMA, the State must prove beyond a reasonable doubt that the defendant knowingly sold MDMA to Chad Moretz and to T. Syzkula  I'm not sure how to pronounce that. It's S-Y-Z-U-K-U-L-A  in an amount of 100 dosage units or more, but less than 500 dosage units; or 28 grams or more, but less than 200 grams of MDMA.
And third  the third element you have to find is that the defendant and Chad Moretz intended that the agreement be carried out at the time it was made.
Now, if you find from the evidence beyond a reasonable doubt that on or about the alleged date, the defendant agreed with Chad Moretz to commit the crime of trafficking in MDMA by possession, transportation, sale and delivery of the same, and that the defendant and Mr. Moretz intended at the time the agreement was made that it would be carried out, it would be your duty to return a verdict of guilty. If you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to consider whether or not he's guilty of conspiracy to possess, transport, sell, and deliver MDMA. For you to find the defendant guilty of this offense, the State must prove three things beyond a reasonable doubt:
First, that the defendant and Chad Moretz entered into an agreement.
Second, that the agreement was to commit the crimes of possessing, transporting, selling, and delivering MDMA  and you will remember how I explained possession, transport, sell, and deliver in your deliberations.
And third, the defendant and Chad Moretz intended the agreement be carried out at the time it was made. If you find from the evidence beyond a reasonable doubt that on or about the alleged date, the defendant agreed with Chad Moretz to commit the crime of possessing, transporting, selling, and delivering MDMA, and that the defendant and Mr. Moretz intended at the time the agreement was made that it would be carried out, it would be your duty to return a verdict of guilty. If you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.
(Emphasis added.)
Following an objection by the State, the trial court restated the jury instructions for conspiracy to traffic as follows:
Members of the jury, there's some dispute as to whether or not I omitted a word in the instructions. So let me  it would have been with respect to the instruction on whether or not the defendant is guilty of conspiracy to traffic in MDMA on possession, transportation, sale and delivery, or guilty of conspiracy to possess, transport, sell and deliver MDMA or not guilty. For you to find the defendant guilty of conspiracy to traffic in MDMA, by possession, transportation, sale, or delivery, the State must prove beyond a reasonable doubt three things:
First, that the defendant and Chad Moretz entered into an agreement.
Second, that the agreement was to commit the crime of trafficking in MDMA by possession, transportation, sale and delivery.
And third, that the defendant and Chad Moretz intended that the agreement be carried out at the time it was made. Now you may return to the jury room.
Defendant did not object to the jury instructions.
Defendant challenges the portion of the jury instruction which defines the offense of conspiracy to traffic by sale to include defendant selling MDMA to Moretz as well as selling MDMA to Syzkula. Defendant concedes that the evidence "supports a jury finding that [defendant] and Mr. Moretz agreed that Mr. Moretz would sell [pills] to [Detective] Syzkula," but asserts the evidence did not support a rational conclusion that defendant agreed with Moretz to sell 100 or more MDMA pills to Moretz.
Defendant did not object to this jury instruction at trial and therefore failed to properly preserve this error for review on appeal. N.C.R. App. P. 10(b)(2) (2008) ("A party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict."). In the record on appeal, defendant assigns plain error to the jury instructions, but fails to argue in his brief that the trial court's instruction amounted to plain error. Because defendant fails to argue in his brief that the trial court's instruction amounted to plain error, defendant has waived his right to appellate review of this assignment of error. See State v. Scercy, 159 N.C. App. 344, 583 S.E.2d 339 (holding that if a defendant fails to argue plain error in his brief, he waives the right to appellate review of such assignment of error, even if the defendant specifically and distinctly asserts plain error in the assignment of error), disc. review denied, 357 N.C. 581, 589 S.E.2d 363 (2003).
However, assuming arguendo that defendant had sufficiently argued plain error in his brief, there was no error in the jury instructions. Considered in the context of the entire jury instruction, it is clear that the trial court's misstatement of the law concerning the sale to Moretz was an unintentional slip of the tongue, which amounted to nothing more than a lapsus linguae. The North Carolina Supreme Court has held that "a lapsus linguae not called to the attention of the trial court when made will not constitute prejudicial error when it is apparent from a contextual reading of the charge that the jury could not have been misled by the instruction." State v. Baker, 338 N.C. 526, 565, 451 S.E.2d 574, 597 (1994). Here, the court ultimately set forth the required elements that the jury needed to find to properly determine whether defendant conspired with Moretz to traffic in MDMA by possession, transportation, sale, and delivery. Defendant has not shown that the jury was misled by the instructions or that the trial court committed error so fundamental as to result in a miscarriage of justice. We conclude that the trial court's lapsus linguae did not amount to plain error.
Defendant argues in his reply brief that he is not attacking the trial court's jury instructions, but is challenging the sufficiency of the evidence. Defendant, however, did not bring forward his first assignment of error in which he assigns error to the sufficiency of the evidence and directs this Court's attention to his motions to dismiss at the close of the State's evidence and at the close of all the evidence. Rather, the assignment of error defendant brought forward assigns error to the trial court's jury instructions. Further, under his second assignment of error, defendant directs this Court's attention to the trial court's jury instructions by making specific record references to the trial court's charge to the jury on the substantive offenses and the Judgment and Commitments. See N.C.R. App. P. 10(c)(1) ("An assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made, with clear and specific record or transcript references.) In fact, defendant underlined and bracketed certain portions of the trial court's charge which he excerpted in the record. To the extent defendant has preserved the sufficiency issue for our review and brought it forward by the assignment of error referenced in the brief, we find defendant's argument is without merit as the State presented sufficient evidence to allow a reasonable juror to conclude defendant conspired with Moretz to traffic in MDMA by possession, transportation, sale, and delivery. No error.
Judges CALABRIA and STROUD concur.
Report per Rule 30(e).